No. 22-1755

**United States Court of Appeals
For the First Circuit**
_____

MICHAEL BUSH; LINDA TAYLOR; LISA TIERNAN; SUSAN
PROVENZANO; ROBERT EGRI; KATALIN EGRI; MONICA
GRANFIELD; ANN LINSEY HURLEY,

Pro Se Plaintiffs – Appellants,

JOSEPH PROVENZANO; KATE HENDERSON; IAN SAMPSON;
ANITA LOPEZ

Pro Se Plaintiffs,

v.

LINDA FANTASIA; MARTHA FEENEY-PATTEN; ANTHONY
MARIANO; CATHERINE GALLIGAN; JEAN JASAITIS BARRY;
PATRICK COLLINS; DAVID ERICKSON; TIMOTHY GODDARD; TOWN
OF CARLISLE; JOHN DOE; JANE DOE,

Defendants – Appellees.
_____

On Appeal from the United States District Court
for the District of Massachusetts

---

**Pro se Plaintiffs – Appellants' Petition for Rehearing En Banc and
Panel Rehearing**

---

# Table of Contents

Table of Contents ................................................................................................2

Argument ..............................................................................................................5

    1.0    Fed. R. App. P. 35(b)(1)(A) statement ....................................................5

    2.0    The panel's judgment conflicts with this Court's and the Supreme

    Court's decisions regarding mootness ..........................................................5

        2.1    The judgment overlooked that the Plaintiffs seek monetary
        relief, which according to the Supreme Court's consistent holdings
        absolutely precludes mootness ..............................................................5

        2.2    The judgment overlooked the critical factor that according to
        this Court's and the Supreme Court's precedents, the Defendants
        here have not only failed to meet their heavy burden to assure their
        challenged conduct will not recur, they have made assertions that
        preclude mootness ...................................................................................6

    3.0    The judgment has created a drastic change in what sources courts

    use to draw facts from and the party in whose favor courts may draw

    inferences at this stage of litigation ...............................................................8

    4.0    This Court and the Supreme Court strongly disfavored *sua sponte*

    dismissal—especially when plaintiffs are denied an opportunity to

    respond—until the panel's judgment tacitly condoned that conduct ......11

5.0　The panel's judgment overlooked that there is an Americans with Disabilities Act claim here, thereby effectively contradicting this Court's and the Supreme Court's holdings in ADA cases .......................................14

6.0　This Court and the Supreme Court held that violation of a *constitutional right* and violation of a *clearly-established right* were separate and distinct legal issues—until the panel's judgment that has conflated the two...........................................................................................................15

6.1　Contrary to the judgment, whether a municipal government official's conduct violated a constitutional or statutory right that was clearly-established determines only whether that individual forfeited qualified immunity—not whether the plaintiff is entitled to relief ....................................................................................................15

6.2　According to this Court's and the Supreme Court's longstanding holding, treating secular activity more favorably than a person's comparable religious exercise constitutes a violation of the Free Exercise Clause—but not according to this judgment.......16

7.0　In its judgment, the panel appeared to overlook several of the Appellants' key arguments—to which the Appellees have waived counter-arguments because they did not raise any in their brief.............19

7.1　Fed. R. App. P. 28(j) requires that any response to a citation of supplemental authority must be made promptly, therefore the Appellees' failure to file any responses within the last several months constitutes waiver ..................................................................21

Summary & Conclusion..........................................................................21

Certificate of Compliance With Type-Volume Limit, Typeface

Requirements, and Type-Style Requirements....................................25

Certificate of Service..........................................................................26

# Argument

## 1.0 Fed. R. App. P. 35(b)(1)(A) statement

The panel's decision and judgment dated April 18, 2024 conflict with multiple decisions of the United States Supreme Court and of this Court—those decisions are specified in the applicable sections below. Consideration by the full Court is therefore necessary to secure and maintain uniformity of this Court's decisions.

## 2.0 The panel's judgment conflicts with this Court's and the Supreme Court's decisions regarding mootness

### 2.1 The judgment overlooked that the Plaintiffs seek monetary relief, which according to the Supreme Court's consistent holdings absolutely precludes mootness

In addressing declaratory and injunctive relief, the panel's judgment overlooked the issue of monetary relief here. The U.S. Supreme Court has repeatedly made clear that any chance of monetary relief absolutely keeps a case from being moot (*Mission Product Holdings, Inc. v. Tempnology*, LLC, 139 S. Ct. 1652, 1660 (2019)):

> "For better or worse, nothing so shows a continuing stake in a dispute's outcome as a demand for dollars and cents. See 13C C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3533.3, p. 2 (3d ed. 2008) (Wright & Miller) ("[A] case is not moot so long as a claim for monetary relief survives"). Ultimate recovery on that demand may be uncertain or even unlikely for any number of reasons, in this case as in others. But that is of no moment. If there is

any chance of money changing hands, [the] suit remains live. See Chafin , 568 U. S. at 172, 133 S.Ct. 1017."

In this case, the pro se Plaintiffs did seek specific amounts of monetary relief in their complaint that the District Court erroneously dismissed and they argued this in § 6.3 of their opening brief to this Court. Thus, the panel's judgment in this appeal stands at stark odds with clear and consistent instruction from the Supreme Court that any chance of monetary relief precludes mootness. That thereby violates this Court's own holding on *stare decisis*: "Under the doctrine of *stare decisis*, all lower federal courts must follow the commands of the Supreme Court, and only the Supreme Court may reverse its prior precedent." reh'g en banc granted, opinion vacated, 982 F.3d 50 (mem.) (1st Cir. Dec. 9, 2020). Thus, to restore conformity with this Court's holding on *stare decisis* and uniformity between its decisions and the Supreme Court's decisions on monetary relief and mootness, rehearing en banc is necessary.

**2.2    The judgment overlooked the critical factor that according to this Court's and the Supreme Court's precedents, the Defendants here have not only failed to meet their heavy burden to assure their challenged conduct will not recur, they have made assertions that preclude mootness**

The U.S. Supreme Court has long-held—including in COVID mandate cases—that the heavy burden of proving mootness lies with the

party asserting it and that voluntary cessation of the challenged conduct will not ordinarily moot the case. In *Bos. Bit Labs v. Baker*, 11 F.4th 3, 9-10 (1st Cir. 2021) this Court reiterated and applied those standards to the COVID mandate case before it:

> ""[E]ven if the government withdraws or modifies a COVID restriction in the course of litigation," our judicial superiors tell us, "that does not necessarily moot the case." See Tandon v. Newsom, —– U.S. ——, 141 S. Ct. 1294, 1297, 209 L.Ed.2d 355 (2021) (per curiam). That is so because of the voluntary-cessation doctrine, which "can apply when a defendant voluntar[ily] ceases the challenged practice in order to moot the plaintiff's case and there exists a reasonable expectation that the challenged conduct will be repeated" after the suit's "dismissal." See Lewis, 813 F.3d at 59 (quotation marks and citations omitted and alteration by Lewis court); see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc. ("Friends"), 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (stating that for the voluntary cessation of contested conduct to moot a suit, it must be "absolutely clear" that the conduct "could not reasonably be expected to recur" (quotation marks omitted)). And the burden of showing that the voluntary-cessation doctrine does not apply still lies with the party claiming mootness. See, e.g., Friends, 528 U.S. at 190, 120 S.Ct. 693."

This Court distinguished *Bos. Bit Labs* from this case by noting that Bos. Bit Labs did not seek money damages and did not raise the voluntary cessation while evading judicial review exception as the Plaintiffs have in this case. This Court also clarified that Baker's written assurance to this Court that his challenged conduct would not recur was "critical" to this Court's finding of mootness.

In contrast, the Defendants here have not executed any consent decree acknowledging their mandates were *ultra vires* and agreeing to refrain from such mandates henceforth. On the contrary, the Board of Health Defendants in this case publicly stated that their challenged conduct *may very well recur* and *they reserve the right to repeat it*. The Board of Health member physician Jean Barry even went on to state that a future variant of the virus could be dangerous. This was all argued to the District Court—with a public record documenting the Defendants' assertions. And this and other key points precluding mootness were argued in §§ 6.0 to 6.4 of the opening brief in this appeal, which the panel appears to have missed.

Thus, the panel's judgment stating that the Plaintiffs' requests for declaratory and injunctive relief are moot contradicts the Supreme Court's and this Court's own longstanding holdings that the heavy burden of proving mootness lies with the party asserting mootness and that potential monetary relief absolutely precludes mootness.

## 3.0 The judgment has created a drastic change in what sources courts use to draw facts from and the party in whose favor courts may draw inferences at this stage of litigation

In its judgment the panel stated "Post-mandate developments have only made this controversy less likely to recur in its original form", which conflicts with this Court's longstanding instruction on permissible sources

of facts and how to draw inferences at this stage of litigation. Because the District Court dismissed this case before allowing the Plaintiffs to even conduct discovery, the only allegations of a factual nature that may be considered are in the complaint and its attachments and all reasonable inferences must be drawn in favor of the Plaintiffs. That record reveals that, similar to the annual influenza virus that has existed for over a century, SARS-CoV-2 cannot be eradicated and COVID-19 will be a part of life indefinitely—as argued in § 4.3 of the opening brief to this Court. And as further argued in § 4.3 of the opening brief, the District Court substituted its preferred allegations from sources this Court had long held may not be used at this stage. But now, with this judgment, the panel has relied upon allegations from previously impermissible, undisclosed sources and drawn inferences in favor of the Defendants, creating a U-turn in decisions on this issue:

| 1st Circuit Court of Appeals' holding: | Decisions reflecting this holding: |
|---|---|
| When considering dismissal of a complaint or reviewing a dismissal, courts must take the complaint's plausible allegations of a factual nature as true; facts are limited to those in the complaint and its attachments; and all reasonable inferences must be drawn in favor of the plaintiff(s). | *Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 90 (1st Cir. 2016).<br><br>*Kleiner v. Cengage Learning Holdings II, Inc.*, 22-1451 (1st Cir. 2023)<br><br>*Massachusetts Laborers' Health and Welfare Fund v. Blue Cross Blue Shield of Massachusetts*, 22-1317 (1st Cir. 2023)<br><br>*Douglas v. Hirshon*, 63 F.4th 49, 52 (1st Cir. 2023)<br><br>*Lowe v. Mills*, 22-1710 (1st Cir. 2023)<br><br>*Lawrence General Hospital v. Continental Casualty Company*, 23-1286 (1st Cir. 2024) |
| **Implicit holding:**<br>When considering dismissal of a complaint or reviewing a dismissal, courts may draw allegations and assumptions *from sources other than the complaint* and may draw inferences in favor of the *defendant(s)*. | The panel's judgment in this appeal, dated April 18, 2024. |

**4.0   This Court and the Supreme Court strongly disfavored *sua sponte* dismissal—especially when plaintiffs are denied an opportunity to respond—until the panel's judgment tacitly condoned that conduct**

This Court and the Supreme Court have long held that *sua sponte* dismissals should be used sparingly and will generally not be upheld without the court having given the plaintiffs notice and opportunity to amend the complaint. In §§ 3.0 and 5.1 to 5.5 of their opening brief, the Plaintiffs – Appellants argued:

1. this precedent,

2. that the District Court's dismissal on legal standing grounds was *sua sponte* because the Defendants had only moved under Fed. R. Civ. P. 12(b)(6) for failure to state a claim eligible for relief—they had not challenged legal standing under Fed. R. Civ. P. 12(b)(1),

3. the District Court denied them the hearing they requested in writing, and

4. the District Court deprived them of any opportunity to respond or amend their complaint.

In their brief, the Appellees did not dispute that the dismissal on legal standing grounds was *sua sponte* or that the District Court improperly denied the Plaintiffs the hearing they had requested. And this Court holds

that arguments (and counter-arguments) not raised in the briefs are waived.[1] Yet in its judgment, the panel overlooked these key facts, events, and legal precedent that the District Court had violated, thereby creating a chasm in handling of *sua sponte* dismissals:

---

[1] *Gattineri v. Town of Lynnfield, 58 F.4th 512 (1st Cir. 2023)*

| Holding on *sua sponte* dismissals: | 1st Circuit Court of Appeals and Supreme Court decisions reflecting this holding: |
|---|---|
| *Sua sponte* orders of dismissal will be upheld only if the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption or the plaintiffs have been given an opportunity to respond and amend the complaint before dismissal. | *Literature, Inc. v. Quinn,* 482 F.2d 372, 374 (1st Cir. 1973) <br><br> *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827 (1989) <br><br> *Clorox Co. v. Proctor Gamble Comm'l Co.,* 228 F.3d 24, 32 (1st Cir. 2000) <br><br> *Gonzalez-Gonzalez v. U.S.*, 257 F.3d 31 (1st Cir. 2001) <br><br> *Chute v. Walker,* 281 F.3d 314 (1st Cir. 2002) <br><br> *Garayalde-Rijos v. Municipality of Carolina,* 747 F.3d 15 (1st Cir. 2014) |
| *Sua sponte* dismissal may be upheld regardless of: <br> 1. the merit of the complaint's claims, <br> 2. whether the court gave the plaintiff a hearing, and <br> 3. whether the court gave the plaintiff opportunity to respond or amend the complaint. | The panel's judgment in this appeal, dated April 18, 2024. |

## 5.0 The panel's judgment overlooked that there is an Americans with Disabilities Act claim here, thereby effectively contradicting this Court's and the Supreme Court's holdings in ADA cases

In accordance with the explicit textual requirements of the Americans with Disabilities Act ("ADA"), this Court and the Supreme Court have long held that failure to reasonably modify policy or otherwise reasonably accommodate a person's disability constitutes a violation of the ADA.[2]

In this case, at least one Plaintiff pled that he had medical contraindications to wearing a face mask; he informed the Gleason Public Library that it was violating the ADA by failing to accommodate such disabilities while it exempted certain people by their age; and the Gleason Public Library failed to modify its mandate so as to stop violating the ADA. This was thoroughly argued to this Court in §§ 4.0 to 4.8 of the pro se Appellants' opening brief and §§ 8.0 to 8.2 of their reply brief. The Appellees failed to even address the multiple portions of the ADA and its corresponding CFR their library's mandate violated that the Appellants specified in their brief.

---

[2] *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 121 S. Ct. 1879 (2001); *Tennessee v. Lane*, 541 U.S. 509, 124 S. Ct. 1978 (2004); *Bell v. O'Reilly Auto Enters.*, 972 F.3d 21 (1st Cir. 2020)

By overlooking the ADA claim in its judgment, the panel contradicted longstanding holdings on ADA claims. The panel also overlooked that (according to holdings) ADA claimants are entitled to injunctive relief[3] in addition to monetary damages.

**6.0   This Court and the Supreme Court held that violation of a _constitutional right_ and violation of a _clearly-established right_ were separate and distinct legal issues—until the panel's judgment that has conflated the two**

> **6.1   Contrary to the judgment, whether a municipal government official's conduct violated a constitutional or statutory right that was clearly-established determines only whether that individual forfeited qualified immunity—not whether the plaintiff is entitled to relief**

This Court and the Supreme Court have long held that municipal government personnel forfeit their qualified immunity if they violate a constitutional or statutory right that was clearly-established. *Eves v. Lepage*, 927 F.3d 575, 582-83 (1st Cir. 2019) (en banc):

> "The Supreme Court has long established that, when sued in their individual capacities, government officials are immune from damages claims unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.' " *District of Columbia v. Wesby*, —— U.S. ——, 138 S. Ct. 577, 589, 199 L.Ed.2d 453 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012) )."

---

[3] *Laufer v. Acheson Hotels, LLC*, 50 F.4th 259, (1st Cir. 2022)

Thus, whether a right was clearly-established has only to do with government personnel's *individual* liability, not whether the government entity is liable for the violation of the person's rights—a separate issue that we address in § 6.2. But in its judgment, the panel addressed only whether there was violation of a "clearly established Constitutional right". It did not address whether there was violation of a clearly-established *statutory* right. Nor did it address whether there was a violation of a Constitutional right irrespective of whether it was clearly-established.

## 6.2 According to this Court's and the Supreme Court's longstanding holding, treating secular activity more favorably than a person's comparable religious exercise constitutes a violation of the Free Exercise Clause—but not according to this judgment

This Court and the Supreme Court long held the government treating secular (i.e. non-religious) activity more favorably than a person's comparable religious exercise constituted a violation of the Free Exercise Clause of the Constitution's 1st Amendment. Or rather, this Court adhered to that precedent until its judgment in this appeal, when the panel reversed course on Free Exercise Clause claims:

| Holding on Free Exercise Clause claims: | 1st Circuit Court of Appeals and Supreme Court decisions reflecting this holding: | COVID mandate case? |
|---|---|---|
| If the government treats secular activity more favorably than comparable religious exercise, that constitutes a violation of the person's right to free exercise of their religion under the 1st Amendment. | *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 113 S. Ct. 2217 (1993) | No |
| | *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 208 L. Ed. 2d 206 (2020) (per curiam) | Yes |
| | *Harvest Rock Church, Inc. v. Newsom*, 141 S. Ct. 889, 208 L. Ed. 2d 448 (2020) | Yes |
| | *Tandon v. Newsom*, 141 S. Ct. 1294, 209 L. Ed. 2d 355 (2021) (per curiam) | Yes |
| | *Kennedy v. Bremerton School Dist.*, No. 21-418 (U.S. Jun. 27, 2022) | No |
| | *Lowe v. Mills*, 68 F.4th 706 (1st Cir. 2023) | Yes |
| Government mandates that exempted people by their age, work status, and disabilities while allowing for no accommodation of religious beliefs/practices could not possibly constitute a violation of the Free Exercise Clause. | The panel's judgment in this appeal, dated April 18, 2024. | Yes |

In its judgment, the panel stated "To the extent that intervening caselaw may have strengthened the claim for damages from the Board's rescinded mandate, that possibility (concerning which we express no opinion) only underscores the fact that no clearly established Constitutional right was violated by appellees during the period in question." There are two aspects in which that reasoning conflicts with pertinent, longstanding holdings from this Court and the Supreme Court.

First, as explained above in § 6.1, whether the right was "clearly-established" is irrelevant to mootness, injunctive relief, declaratory relief, monetary relief, or other issues. It pertains only to individual government personnel's personal liability for the violation(s).

Second, as revealed in the table immediately above, the Supreme Court had made clear in multiple decisions over decades—including in COVID mandate cases decided *before* the mandates occurred in this case—that treating secular activity more favorably than a person's comparable religious exercise constituted a violation of the Free Exercise Clause. (§§ 2.0 to 2.4 of the opening brief.) There was no ambiguity about that. Accordingly, this Court had no difficulty reversing the dismissal of the Free Exercise Clause claim in *Lowe v. Mills*, 68 F.4th 706 (1st Cir. 2023) and vacating the denial of injunctive relief for the Free Exercise Clause claim in

*Brox v. Hole*, 83 F.4th 87 (1st Cir. 2023). Therefore, the aberrant judgment in this case needs to be brought en banc into alignment with this Court's and the Supreme Court's longstanding Free Exercise Clause holdings.

**7.0    In its judgment, the panel appeared to overlook several of the Appellants' key arguments—to which the Appellees have waived counter-arguments because they did not raise any in their brief**

In their citation of supplemental authority dated November 9th, 2023, the pro se Appellants cited this Court's holding in *Gattineri v. Town of Lynnfield*, 58 F.4th 512 (1st Cir. 2023). According to that holding, by failing to raise counter-arguments in their brief, the Appellees have waived all counter-arguments to the Appellants' arguments that the District Court committed reversible errors by:

    a.  Ignoring and arguing against the facts of our complaint. (Brief Pp. 15-16, 23, 28-32, 47, 50)

    b.  Drawing inferences in favor of the Defendants. (Brief Pp. 28-30, 50)

    c.  Dismissing the complaint *sua sponte* on the basis of legal standing when the Defendants had not challenged the Plaintiffs' legal standing. (Brief Pp. 33-35)

    d.  Declaring the Plaintiffs' request for injunction moot while knowing that the Plaintiffs sought money damages and the

challenged mandates might recur while evading judicial review. (Brief Pp. 41-42)

e.   Allowing the Defendants to file their motion to dismiss without having held the conference with us Plaintiffs required by Local R. Civ. P. 7.1(a)(2). (Brief p. 40)

f.   Allowing the Defendants to file documents without the leave required by Local R. Civ. P. 7.1(b)(3)—documents the District Court subsequently and improperly relied upon. (Brief Pp. 40-41)

g.   Denying the Plaintiffs' written request for a hearing. (Brief Pp. 15, 26, 50)

h.   Violating several canons of construction. (Brief Pp. 45-48)

i.   Violating Fed. R. Civ. P. 16(b). (Brief Pp. 25-26)

j.   Violating the U.S. Constitution's Supremacy Clause (Brief p. 17) and this Court's instruction on *stare decisis* (Brief p. 18).

k.   Disregarding that the public library had no statutory authority to issue its face mask mandate. (Brief Pp. 42-43). (In footnote 17, the Defendants/Appellees stated that they declined to present counter-arguments because we had not challenged the library's authority. But we did so in Complaint Pp. 10, 17.)

In its judgment, the panel appears to have missed that citation of supplemental authority, its arguments, and the implications of those arguments in this appeal.

### 7.1 Fed. R. App. P. 28(j) requires that any response to a citation of supplemental authority must be made promptly, therefore the Appellees' failure to file any responses within the last several months constitutes waiver

Fed. R. App. P. 28(j) allows for citations of supplemental authorities. Regarding responses to such citations, it states simply "Any response must be made promptly and must be similarly limited."

The Appellees filed a single citation of supplemental authority, to which the Appellants filed a response nine days later.

In contrast, the Appellants filed six distinct citations of supplemental authorities, the latest one having been filed December 27th, 2023. The Appellees have filed no response to any of the Appellants' citations of supplemental authorities, thereby waiving the right to make any response at this point in the appeal. That leaves the Appellants' citations of supplemental authorities and their attendant arguments unopposed.

## Summary & Conclusion

Given the volume and complexity of appeals this Court must handle in any given period of time, the pro se Appellants are not the least bit

inclined to trade places with the Judges of this Court. And were the panel's judgment here affirming the District Court's dismissal to be aligned with the case's operative facts and applicable legal precedents from this Court and the Supreme Court, the Appellants would nod in agreement (perhaps begrudgingly) and be on their way. But they cannot be on their way just yet.

The Supreme Court holds that any chance of monetary relief absolutely precludes mootness and that the chance a defendant may repeat their challenged conduct also precludes mootness. The Plaintiffs here seek specific amounts of monetary damages and the Defendants made documented statements indicating they reserve the right to repeat their challenged conduct. Thus, the panel's judgment here characterizing this case as moot is in conflict with the Supreme Court's holdings on mootness.

This Court and the Supreme Court have long held that *sua sponte* dismissals—particularly when the plaintiff is denied an opportunity to respond as in this case—are strongly disfavored and will generally not be upheld. By failing to present it in their brief, the Appellees waived any counter-argument to the Appellants' argument that the District Court dismissed their case *sua sponte* on the grounds of legal standing and improperly denied them the hearing they requested.

The panel's judgment overlooked that there is an Americans with Disabilities Act claim here and that one of the Defendants' mandates was clearly and remained willfully in violation of the ADA.

The judgment mistakenly conflated whether there was a violation of the Free Exercise Clause—which has its own distinct standards—with whether there was a violation of a clearly-established right—which pertains only to qualified immunity of individual government officials. This rendered the judgment in striking conflict with both this Court's and the Supreme Court's holdings on these two distinct legal issues.

This Court holds that arguments not raised in the briefs are waived. And the Appellees here failed to raise counter-arguments to the majority of reversible errors that the Appellants identified in their opening brief. The Appellees also failed to promptly file any responses to the Appellants' citations of supplemental authorities, thereby also waiving any counter-arguments to those.

According to the Fed. R. App. P. 40(a)(2), panel rehearing is only for correcting points that were overlooked or misapprehended. Per Fed. R. App. P. 35(a)(1), rehearing en banc is necessary to secure or maintain uniformity of the court's decisions. Since there are substantial conflicts between this appeal's judgment and this Court's and the Supreme Court's relevant decisions, rehearing en banc is necessary.

Respectfully submitted,

_____, pro se     May 1, 2024

Michael Bush
280 Lowell Street
Carlisle MA 01741
Phone: 978-734-3323
Email: bmoc54@verizon.net

*Lisa Tiernan*     Pro Se   4-30-24

Lisa Tiernan
116 Lowell Rd.
Westford, MA 01886

*Monica Granfield*    Per Se    4.30.24

MONICA GRANFIELD
110 CARLISLE PINES DR
CARLISLE, MA 01741

*Ann Li Hu* Pro Se                    **May 1, 2024**
Ann Linsey Hurley
10 HALF Moon Hill
Acton, Ma    01720


*Robert Egri* pro se                  **April 30, 2024**
ROBERT   EGRI
80 WILDWOOD DRIVE
CARLISLE, MA 01741


*Katalin Egri*   pro se               **April 30, 2024**
KATALIN EGRI
PO WILDWOOD DRIVE
CARLISLE, MA 01741

_[signature]_ pro se          May 1, 2024

Susan Provenzano
80 Mill Pond Ln.
Carlisle, MA 01741

Linda K Taylor pro se
LINDA K TAYLOR
879 Concord Street
Carlisle, MA 01741                     .

May 1, 2024

# Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 35(b)(2)A), 35(b)(3) and 40(b)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 3,842 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in 14 point proportionally spaced typeface with serifs (other than for headings).

## Certificate of Service

I hereby certify that on May 1, 2024 I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

John J. Davis, BBO #115890

10 Post Office Square, Suite 1100N

Boston, MA 02109

_____, pro se

Michael Bush
280 Lowell Street
Carlisle MA 01741
Phone: 978-734-3323
Email: bmoc54@verizon.net